IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DALE REED,

    Petitioner,

v.                      CIVIL ACTION NO.: CV210-093

HILTON HALL, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dale Reed ("Reed"), who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response, and Reed filed a Reply.

## STATEMENT OF THE CASE

Reed was indicted by the Glynn County grand jury on April 7, 1999, for three counts of kidnapping and two counts of armed robbery. At a jury trial on June 23-24, 1999, Reed was found guilty on all counts and sentenced to life without parole for each count, to be served consecutively. On appeal, Reed was represented by Patrick C. Kaufman. Kaufman raised four grounds on appeal, including a claim that the trial court erred in denying Reed's Motion to Suppress—evidence Reed alleges was obtained in violation of his Fourth Amendment rights. (Doc. No. 14-7, p. 27). However, Kaufman failed to support this claim of error with any legal argument or citation of authority. (See id.). The Georgia Court of Appeals affirmed Reed's conviction and sentence in an

unreported decision. Reed v. State, No. A04A0735 (Ga. App. Mar. 8, 2004). The Georgia Supreme Court denied Reed's petition for a writ of certiorari. (Doc. No. 14-7, p. 76).

After Reed's unsuccessful appeal, Kaufman was disbarred for failing to take action in his cases, failing to respond to clients' inquiries, and abandoning cases to the clients' detriment. (Doc. No. 1-4, pp. 1-2). With respect to Reed's case specifically, the Office of the General Counsel issued a notice of discipline recommending that Kaufman be disbarred for: (1) failing to communicate with Reed regarding the status of his case; (2) failing to notify Reed of the Appellate Court's decision; (3) failing to notify Reed of the Supreme Court's denial of certiorari; and (4) failing to respond to Reed's requests for his client file or to deliver Reed his file. (Doc. No. 1-2, p. 2).

After finally receiving his files, Reed filed a state habeas corpus petition asserting that the trial court erred in denying his Motion to Suppress, and raising two grounds of ineffective assistance of appellate counsel.[1] (Doc. No. 14-4). The state habeas court held a hearing on Reed's petition. (Doc. No. 14-7). The state habeas court denied Reed's petition, and the Georgia Supreme Court denied Reed's application for a certificate of probable cause to appeal. (Doc. Nos. 14-4, 14-6). The state court determined that Reed did not receive ineffective assistance of counsel. (Doc. No. 14-4, p.11).

In his current § 2254 petition, Reed asserts that he received ineffective assistance of appellate counsel and that his suppression motion was improperly denied.

---

[1] There was another ground raised in Reed's state habeas petition. However, there is a page missing in the record this Court has received, so it is unclear the other ground for relief Reed sought. (Doc. No. 14-4, pp. 2-3).

(Doc. No. 1, pp. 5, 6). Respondent claims appellate counsel was effective and that Reed's Fourth Amendment claim is procedurally defaulted. (Doc. No. 13-1).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Effectiveness of Appellate Counsel**

In ground one of his petition, Reed alleges that he received ineffective assistance of appellate counsel, because Kaufman abandoned the issue concerning evidence obtained in an allegedly unlawful search and seizure. The state habeas court found that Reed's claims concerning his appellate counsel lacked merit under Strickland v. Washington, 466 U.S. 668 (1984).

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 390 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable

application of that clearly established Supreme Court law. Id. This standard "forecloses relief unless" the state court's merits adjudication of the constitutional claim is either contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, or is an unreasonable determination of the facts. Early v. Packer, 537 U.S. 3, 7 (2002). "Where . . . the state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). A federal court may not simply substitute its judgment for that of the state court. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

Here, the state habeas corpus court applied the governing standard, Strickland v. Washington, 466 U.S. 668 (1984). The court found that Reed had not shown that Kaufman's actions were unreasonable, nor had he established the requisite prejudice. (Doc. No 14-4, p. 11). Specifically, the court found that Reed had not shown that the issue regarding the search and seizure, which the appellate court had deemed abandoned, had merit. (Doc. No. 14-4, pp. 10-12). Though he has introduced evidence of Kaufman's disbarment, this is not enough to show that the state court's decision should not be given deference under 28 U.S.C. § 2254(d). Reed has not shown that the state court's decision is unreasonable, as the court applied the applicable standard and the decision was a reasonable determination of the facts as to the issues raised.

## II. Procedural Default

In ground two of the petition and the brief in support, Reed alleges that the convictions were obtained by use of evidence gained pursuant to an unconstitutional search and seizure and that the trial court erred in denying the motion to suppress.

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any

available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. Id. at 1305 ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds[2], the district court is precluded from later reviewing the merits of the claim on collateral attack. Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008).

---

[2] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies a three-part test. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion." Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as [providing] no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Notably, Georgia law requires state habeas petitioners to raise all available grounds for relief in an original or amended habeas petition. O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met: A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting

from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice. Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Ground two of Reed's petition is procedurally defaulted under O.C.G.A. § 9-14-48(d). Reed litigated the legality of the search in a pretrial motion to suppress hearing, and the trial court denied the motion to suppress. Petitioner raised the issue of the trial court's denial of the motion to suppress on appeal, and the Court of Appeals found that the issue had been abandoned, as it was not supported by citation of authority or legal argument. Reed v. State, No. A04A0735 (Ga. App. March 8, 2004). Petitioner then attempted to raise these claims in his state habeas petition. The state habeas court did not address the merits of these claims, but relied on a different and adequate state law ground in finding that these claims were barred from review because they had been raised on appeal. (Doc. No. 14-4, p. 4). Though Reed has potentially shown cause for failing to raise his Fourth Amendment claim on appeal, the State habeas court appropriately determined that he has failed to show that actual prejudice resulted from the default of this claim. Accordingly, ground two of the petition presents no basis for relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that ground one of Reed's claim be **DENIED**, and ground two of Reed's claim be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of December, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE