# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DALE REED,

    Petitioner,

v.                             CIVIL ACTION NO.: CV210-093

HILTON HALL, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Dale Reed ("Reed") asserts the state habeas court did not make its own findings of fact or conclusions of law, but adopted the Respondent's proposed final order without giving Reed an opportunity to respond. Reed also claims that the state court failed to reach the merits of his Fourth Amendment claim. Reed maintains that he received ineffective assistance of counsel.

The state habeas court transcript contradicts Reed's assertion that he was not given an opportunity to submit an argument contradicting the Respondent's proposed final order. The habeas transcript contains the following discussion:

> THE COURT: Okay. Well, that's what you-all need to use I think primarily to brief this issue. So I'll give each of you 45 days from today's date to submit proposed orders. And I would concentrate on the issues of whether trial counsel or appellate counsel were ineffective in the motion to suppress issue. Okay? Now, if you've already submitted a brief, I'll consider the brief that you've submitted.

> PETITIONER: Okay.
>
> THE COURT: But I do need to give the attorney general's office the opportunity to submit a written argument. And you're welcome to submit one, too, within 45 days.
>
> RESPONDENT: Would I need to submit one or would you consider –
>
> THE COURT: Yeah, I'm going to read what you've already submitted.
>
> PETITIONER: Okay, Your Honor.
>
> . . . .
>
> RESPONDENT: Your Honor, just for clarification. Do you want a separate – We could do a letter brief just on that issue, or would you want, like, a proposed order?
>
> THE COURT: I would propose that you put your argument in the form of an order. I would suggest that. Okay? All right. Thank you, Mr. Reed.

(Doc. No. 14-7, pp. 11-13). The state habeas transcript clearly evidences that Reed was given an opportunity to submit his own proposed order and to submit any arguments he thought were useful in the disposition of his petition.

Contrary to Reed's second objection, the State court did reach the merits of Reed's Fourth Amendment claim in discussing whether Reed received ineffective assistance of counsel. The state habeas court stated:

> [W]hile investigating a series of armed robberies at hotels that occurred on weekend nights, the detectives observed [Reed], who matched the description provided by the victims, repeatedly drive through one of the hotel parking lots and look closely at the vehicles and hotel room doors on a weekend night, and then wait at a nearby gas station. Petitioner was then stopped based on his suspicious behavior, informed that his driving through the hotel parking lot was suspicious and that he matched the description of the perpetrator of the armed robberies, and consented to the search of his vehicle. Based on these facts, the stop was justified, and Petitioner has not shown that the claim raised on appeal regarding the motion to suppress had merit.

(Doc. No. 14-4, p. 10). Finally, Petitioner's ineffective assistance of counsel claims were effectively discussed in the Magistrate Judge's Report.

AO 72A
(Rev. 8/82)

2

Reed's Objections are **OVERRULED**. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Ground One of Reed's petition is **DENIED,** and ground two of Reed's petition is **DISMISSED.**

The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 19 day of January, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA